JOSEPH FAVALE *vs.* ABRAHAM SIEGEL.

Middlesex.    March 6, 1931. — April 6, 1931.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Contract,* Performance and breach. *Practice, Civil,* Auditor: recommittal; Appeal.

In an action of contract which was referred to an auditor whose findings of fact were to be final, no question of law was presented to this court upon an appeal from the denial of a motion to recommit the report to the auditor for a report of further findings and certain evidence, where there was no contention that the denial of the motion was an abuse of discretion.

A contract for the construction of certain materials and their installation in a store required that "All material and workmanship shall be first class in every respect and satisfactory" to the owner of the store. In an action upon an account annexed for a balance due for such materials, an auditor, whose findings of fact were to be final, found that the contract was performed by the plaintiff "according to its tenor and the specifications" except as changed by the defendant's order; and that he was entitled to a certain sum. A judge, who heard the action thereafter and who stated that he inferred from the facts found by the auditor that the defendant was, or as a reasonable man ought to have been, satisfied with the materials and the plaintiff's workmanship, ordered judgment for the plaintiff on the report. *Held*, that the order was proper.

CONTRACT. Writ in the First District Court of Eastern Middlesex dated September 7, 1929.

Upon removal to the Superior Court, the action was referred to an auditor, whose findings of fact were to be final. In addition to the findings stated in the opinion, the auditor found that "the contract was performed by plaintiff Favale according to its tenor and the specifications except as to the changes that were ordered by Siegel and which he agreed to pay for." After the filing of the auditor's report, the defendant filed a motion that it be recommitted for a report of evidence on several specified issues and for a further finding of facts. The motion was heard by *Qua*, J., who made certain findings stated in the opinion, denied the motion to recommit the report and allowed a motion by the plaintiff for judgment in his favor on the auditor's report in the sum of $932.09. The defendant appealed from the orders on both motions. He did not contend that there was an abuse of discretion in the denial of his motion.

*L. R. Eyges*, for the defendant.

No argument nor brief for the plaintiff.

CROSBY, J. The parties entered into a written agreement by the terms of which the plaintiff was to construct and install in the defendant's store certain fixtures in accordance with specifications attached to and made a part of the agreement. The agreement provided: "All material and workmanship shall be first class in every respect and satisfactory" to the defendant. The contract price to

be paid by the defendant was $2,100. The declaration contains a single count upon an account annexed showing nineteen items. The amended answer is a general denial, payment and the special defence that the plaintiff failed to perform the contract in accordance with its terms, that the materials furnished and the workmanship were not first class in every respect, and that neither was satisfactory to the defendant, by reason whereof the defendant suffered damage to the extent of approximately $1,500. The defendant also filed what is entitled an amended declaration in set-off in which he seeks to set off said alleged claim of $1,500. The case was referred to an auditor whose findings of fact were to be final. The evidence is not reported.

The auditor in his report dealt separately with the items in the account annexed. As to the nineteenth he found that it was a claim for money due under the written contract; that all the other items were claims for extra work performed by the plaintiff due to changes and additions, alleged to have been ordered by the defendant during the progress of the work under the written contract. He further found that immediately after the written contract was entered into the plaintiff began to prepare in his workshop the fixtures required by the specifications and to install them in the defendant's store; that during this time the defendant was often present and suggested changes in the original contract, which need not be described in detail; that while this work was being performed the defendant was present and was told by the plaintiff that the changes would cause additional expense, and the defendant said he would pay for them. During his cross-examination he admitted that all the changes for which an extra charge was made were at his request; he stated that the charges for some of the items were more than he had anticipated and were unfair. There was also testimony of experts called by the defendant respecting the value of the additional work.

The auditor found that the fixtures were built in accordance with the specifications, except as changed by the de-

fendant's order; that no complaint was made in regard to workmanship from the time of the completion of the contract until after the plaintiff had demanded payment for the extra work; that the defendant made payments under the contract as the work progressed, and it was completed May 11, 1929, seven days after the time provided for in the contract; that there was no unreasonable delay considering the changes made. It was agreed by counsel at the hearing before the auditor that there was due on the original contract under item 19 the sum of $108, if anything was due. It also appears from the auditor's report that one item in the specifications was not complied with, but it was found that the deviation was not wilful or intentional and under the circumstances was not a violation of the contract; that two items had been paid; that as to some others the amount found to be due was less than had been charged; that as to others the amount to which the plaintiff was entitled was the sum charged; and that the plaintiff was entitled to recover for the extra work the sum of $816. There was a finding for the defendant in set-off.

The defendant filed a motion to recommit the report upon several grounds therein set forth. The plaintiff moved that judgment be entered in his favor on the auditor's report. The foregoing motions were heard together by a judge of the Superior Court who denied the motion to recommit the report and granted the motion for judgment. He ruled that "As to the requirement of the contract that the material and workmanship shall be satisfactory to Siegel, if the auditor's report is not itself to be construed as finding that Siegel either was, or as a reasonable man ought to have been so satisfied, then I infer such facts from the other facts reported." The appeal from the order denying the motion to recommit presents no question of law. The appeal from the order allowing the plaintiff's motion for judgment raises the only question of law before this court. G. L. c. 231, § 96. .*Samuel* v. *Page-Storms Drop Forge Co.* 243 Mass. 133, 134.

Upon the facts found by the auditor, whose findings of. fact were to be final, judgment was rightly ordered for the plaintiff for the amount found due.

The entry must be

> *Judgment for the plaintiff for the amount found due by the auditor with interest from the date of the writ.*