Lillian F. Kennedy *vs.* George D. Kennedy
(and a companion case).

Hampden.    March 6, 1987. — June 15, 1987.

Present: Hennessey, C.J., Liacos, Nolan, Lynch, & O'Connor, JJ.

*Attorney at Law*, Compensation. *Divorce and Separation*, Attorney's fees.

On appeal from an award of $13,274 as legal fees to a wife who had secured
a contempt judgment against her former husband for his failure to make
support payments, and who had requested an award of $41,794.69, the
award was set aside, where the judge's findings were inadequate to
support his conclusion that the amount of time the attorneys attributed
to the litigation was unreasonable. [274-275]

In setting aside an award of attorney's fees of $13,274 to a wife who had
secured a contempt judgment against her former husband for his failure
to make support payments, and who had requested an award of
$41,794.69, this court, in reliance on the decision and reasoning of the
Appeals Court, established the fee to be recovered, rather than remanding
the matter to the trial judge, where the Appeals Court had had extensive
and prolonged experience with the case and had properly reached factual
conclusions as to the appropriate award, and where, furthermore, a
remand would not be in the interest of the parties or the administration
of justice. [275]

Petition filed in the Probate Court for the county of
Hampden on June 8, 1972.

Complaints for divorce filed in the Hampden Division of
the Probate and Family Court Department on July 10, 1980,
and December 2, 1981, respectively.

The cases were heard by *Joseph E. Rodgers, J.*

After review by the Appeals Court, the Supreme Judicial
Court granted leave to obtain further appellate review.

*Jonathan Shapiro (William C. Newman* with him) for the
plaintiff.

*Richard B. Blazar (Sumner D. Goldberg* with him) for the
defendant.

*Jon Laramore, Lynda G. Christian & Alison E. McCrone,* for Family Law Committee of the Boston Bar Association & another, amici curiae, submitted a brief.

HENNESSEY, C.J. We are here concerned with the question of counsel fees under G. L. c. 215, § 34A,[1] in an action for contempt against a party for failure to obey a Probate Court support order. After finding the defendant husband, George, in contempt of such a support order, a probate judge included an award for counsel fees and expenses in a judgment of divorce after rescript. The plaintiff wife, Lillian, claims on appeal that the amount of the award is inadequate.

The litigation has been before the Appeals Court four times. See *Kennedy* v. *Kennedy,* 10 Mass. App. Ct. 113 (1980) [*Kennedy I*]; *Kennedy* v. *Kennedy,* 17 Mass. App. Ct. 308 (1983) [*Kennedy II*]; *Kennedy* v. *Kennedy,* 20 Mass. App. Ct. 559 (1985) [*Kennedy III*]; *Kennedy* v. *Kennedy,* 23 Mass. App. Ct. 176 (1987) [*Kennedy IV*]. The background facts are narrated in *Kennedy I* at 114-115, and in *Kennedy II* at 309-311. In *Kennedy II*, upon Lillian's appeal, the Appeals Court remanded the case, suggesting that the judge could reconsider the question of attorneys' fees. Upon remand, counsel for Lillian requested $31,897 for 588 hours of work by three lawyers over a period of five years. The judge allowed $5,300. Lillian appealed again. In *Kennedy III*, the Appeals Court ruled that the amount was inadequate and ordered that the amount be reconsidered and a fresh award made "upon findings" and that an award also be made for the appeal.

On remand after *Kennedy III*, Lillian sought attorneys' fees and expenses in the total of $41,794.69 for all work done

[1] General Laws c. 215, § 34A, fourth paragraph, inserted by St. 1982, c. 282, provides: "In entering a judgment of contempt for failure to comply with an order or judgment for monetary payment, there shall be a presumption that the plaintiff is entitled to receive from the defendant, in addition to the judgment on monetary arrears, all of his reasonable attorney's fees and expenses relating to the attempted resolution, initiation and prosecution of the complaint for contempt. The contempt judgment so entered shall include reasonable attorney's fees and expenses unless the probate judge enters specific findings that such attorney's fee and expenses shall not be paid by the defendant."

through and including the *Kennedy III* appeal. She filed affidavits which set forth the experience and qualifications of three attorneys representing her over a seven-year period, and claimed a total of approximately 698 hours of attorneys' services at fees ranging from $40 to $90 per hour. The affidavit of an established Springfield attorney stated that the hourly charges were reasonable and consistent with customary charges in the area.

The probate judge awarded a total of $10,300 for all attorneys' services, and $2,974 for other expenses, stating that there was no evidentiary hearing other than the submission of the plaintiff's affidavits and bills and expenses, and he described the attorneys' detailed affidavits as "meager and lacking in detail and analysis." However, he stated that he did not find the hourly rates requested by the attorneys to be excessive or unreasonable. He stated that "counsel should have to look to their respective clients for any excess fees and expenses incurred or suffer the losses themselves due to the manner in which they litigated this case." Once more the plaintiff appealed. The Appeals Court again reversed and itself set the fees and costs, ordering that Lillian is to have a total of $41,794.69 for the work through the *Kennedy III* appeal and $7,067.50 for the representation in *Kennedy IV* (the instant case), with interest to be calculated at the rate of six percent on the amount which should have been awarded, $41,794.69, from the date of the lower court's judgment on January 23, 1986. We allowed the defendant's application for further appellate review. We agree with the result and reasoning of the Appeals Court.

We turn first to the issue whether there was error in the judge's award of attorneys' fees. This matter rests in the discretion of the judge. *Clifford* v. *Clifford*, 354 Mass. 545, 548 (1968). His decision will be reversed only if it is clearly erroneous. *Mahoney* v. *Gallagher*, 11 Mass. App. Ct. 1038 (1981). We think the judge's findings as to fees were clearly erroneous. The judge's findings showed that he used unreliable and incomplete criteria in determining the issue (see *Kennedy IV, supra* at 182) as compared to the multiple factors which were relevant. See, e.g., *Stratos* v. *Department of Pub. Welfare*, 387

Mass. 312, 323 (1982); *Robbins* v. *Robbins*, 19 Mass. App.
Ct. 538, 543 (1985). Also, in *Kennedy III, supra* at 563-564,
the matter was remanded by the Appeals Court for a redeter-
mination of the fees, with "findings" by the judge.[2] Because
the judge found that the hourly rates charged by the attorneys
were reasonable, it is plain that he concluded that the amount
of time the attorneys attributed to the litigation was unreason-
able. His findings are inadequate to support this conclusion.
On that basis alone, the award of fees cannot stand.

The remaining issue is whether it is appropriate for either
the Appeals Court or this court to order judgment for fees in
a corrected amount. The usual course upon reversal of an order
for fees is to remand the matter for reconsideration by the
judge. See, e.g., *Kennedy II* and *Kennedy III*. Otherwise, a
persuasive argument may be made that the appellate court is
inappropriately substituting its judgment for that of the trial
judge. However, this is not a usual case. It is unusual in that
the Appeals Court has had extensive and prolonged experience
with it. In these special circumstances it is fitting (indeed
common sense requires) that the Appeals Court should reach
factual conclusions as to an appropriate award, and that this
court in turn should rely upon the decision and reasoning of
the Appeals Court. "The effort put forth by counsel here was
commensurate with the important interests at stake and the
amount of opposition interposed by the defendant. To rule
otherwise would be to condone and encourage obstructionist
tactics. . . . For us to remand the case for reconsideration once
again would be neither in the interest of the parties nor the
administration of justice. Because of the numerous appeals,
we are in as good a position as the trial judge, and in a better
position than any other judge of the Probate Court who might
be designated, to determine a reasonable award" (footnote omit-
ted). *Kennedy IV, supra* at 182.

---

[2] Because the Appeals Court in *Kennedy III* expressly required that find-
ings be made, we need not consider the premise that the "presumption"
language of G. L. c. 215, § 34A, makes explanatory findings by the judge
requisite in the case. See *Kennedy IV, supra* at 181.

Accordingly, judgment for fees and costs is to be entered in the total of $41,794.69 for the work through the *Kennedy III* appeal and $7,067.50 for the representation in the instant appeal, with interest to be calculated at the rate of six percent on the amount which should have been awarded, $41,794.69, from the date of the lower court's judgment on January 23, 1986. These sums are added to the amount subject to the attachment of the defendant's pension, with the total outstanding attorneys' fees and arrearages payable from the pension and from any other of the defendant's assets at a rate to be "set at the maximum of [George's] reasonable capacity to pay . . . within a sensibly finite period of time." Any proceedings necessary to enforce payment are to be brought in the Probate Court.

*So ordered.*