# RESCRIPT OPINIONS.

JOANNA CAROLE MORRIS *vs*. ROGER H. MORRIS. August 1, 1988. *Jurisdiction*, Nonresident, Long-arm statute. *Divorce and Separation*, Modification of judgment.

The plaintiff, Joanna Carole Morris, is a resident of New Hampshire. Her former husband is a resident of Michigan. The plaintiff appeals from the dismissal, for lack of personal jurisdiction, of her complaint for modification of a judgment of divorce, entered when she was a resident of the Commonwealth. We transferred the case to this court on our own motion, and affirm.

"Generally, a claim of personal jurisdiction over a nonresident defendant presents a two-fold inquiry: (1) is the assertion of jurisdiction authorized by statute, and (2) if authorized, is the exercise of jurisdiction under State law consistent with basic due process requirements mandated by the United States Constitution?" *Good Hope Indus., Inc.* v. *Ryder Scott Co.*, 378 Mass. 1, 5-6 (1979). See *Morrill* v. *Tong*, 390 Mass. 120, 129 (1983).

We need consider only the first inquiry. The Massachusetts long arm statute, G. L. c. 223A (1986 ed. & Supp. 1987), provides that a court *may* exercise personal jurisdiction over a nonresident defendant who "transact[s] any business in this commonwealth." G. L. c. 223A, § 3 (*a*). We have concluded previously that the execution in this State, as happened here, of a separation agreement (and attendant actions) may constitute the transaction of business under the statute. *Ross* v. *Ross*, 371 Mass. 439, 441-443 (1976). However, the statute contains an additional requirement for invoking the court's jurisdiction in a divorce modification action. In such a case, the "plaintiff [must] continue[ ] to reside within the commonwealth." G. L. c. 223A, § 3 (*g*). See G. L. c. 223A, § 3 (*h*) (1986 ed. & Supp. 1987).

In construing seemingly disparate provisions of a statute, our duty, if possible, is to construe them harmoniously in furtherance of the legislative design. *Peters* v. *Michienzi*, 385 Mass. 533, 537 (1982). Under § 3 (*g*), the plaintiff's residency is a prerequisite to the court's discretionary decision to assert personal jurisdiction over a nonresident defendant. This holds true even where the requirements of § 3 (*a*) are satisfied. We believe that § 3 (*g*) limits the assertion of personal jurisdiction by a Massachusetts court acting pursuant to § 3 (*a*).

Nothing in our opinion today affects the validity of previous decisions under § 3 (*a*) involving domestic relations matters. Those cases stand for the proposition that, under the proper circumstances, a *resident* plaintiff may establish a basis for assertion of personal jurisdiction under § 3 (*a*) over a

nonresident defendant. See, e.g., *Morrill* v. *Tong*, *supra* at 129-133; *Ross* v. *Ross*, *supra* at 441-442; *Winternitz* v. *Winternitz*, 19 Mass. App. Ct. 228, 230-232 (1985). See also *Kennedy* v. *Kennedy*, 10 Mass. App. Ct. 113, 115-120 (1980), *S.C.*, 400 Mass. 272 (1987) (invoking § 3 [*g*], as well).

It is incumbent upon a plaintiff to show sufficient facts for establishing both jurisdiction of the court and jurisdiction over the defendant. *Good Hope Indus., Inc., supra* at 3. By listing the plaintiff's place of residence as New Hampshire, the complaint fails, on its face, to set forth sufficient facts for jurisdiction. G. L. c. 223A, § 3 (*g*). Thus, we do not reach the constitutional due process considerations regarding personal jurisdiction over this defendant.

*So ordered.*

*Elaine Fagelman Gordon* for Joanna Carole Morris.
*Margaret S. Travers* for Roger H. Morris.