· ROSALIE KAY COLLINS WESTCOTT *vs.* ROGER MILLER WESTCOTT, JR. April 4, 1990. *Jurisdiction*, Nonresident, Long-arm statute. *Divorce and Separation*, Child support, Modification of judgment, Contempt proceeding.

The parties were divorced in 1972 by a decree of the Probate Court in Hampden County. They had entered into a separation agreement providing that the husband pay the wife for support of their minor child, and the divorce decree required compliance with that agreement. The wife and the child moved to Virginia in 1978. The husband moved to Connecticut in 1979.

In 1987, the wife filed a complaint for modification of the support order and a complaint for contempt of the support order. The husband moved successfully to dismiss each action for lack of personal jurisdiction over him, relying on *Morris v. Morris*, 403 Mass. 1001 (1988), and *Tick v. Tick*, 403 Mass. 1002 (1988). We transferred the wife's appeal here on our own motion.

The *Morris* and *Tick* opinions upheld dismissals of actions, respectively, for modification of a divorce judgment and for contempt of an order contained in a judgment of divorce for child support and for the maintenance of life insurance. This court, in each instance, held that, because the plaintiff no longer resided in the Commonwealth, the court had no jurisdiction under G. L. c. 223A, § 3 (*g*) (1988 ed.), which requires that "the plaintiff continue[ ] to reside within the commonwealth."

The plaintiff argues that the distinction that § 3 (*g*) makes between resident and nonresident plaintiffs who seek long arm jurisdiction over defendants in actions to modify or to enforce orders entered in conjunction with

judgments of divorce violates the privileges and immunities clause of the United States Constitution. U.S. Const., art. IV, § 2, cl. 1. No privileges and immunities question was raised in either the *Morris* or the *Tick* case. We need not decide here whether there is a constitutionally acceptable basis for the statute's discrimination against a nonresident plaintiff either seeking to increase a child support order contained in a judgment of divorce or seeking a judgment of contempt for violation of such a support order. Nor need we decide what the consequences would be if the residency requirement of § 3 (*g*) were unconstitutional as to the plaintiff.

Section 3 (*g*) is available as a basis for personal jurisdiction over a nonresident party, in actions to modify a support order or to hold the nonresident in contempt of a support order entered in a divorce judgment, only if the parties' marital domicil had been "within the commonwealth for at least one year within the two years immediately preceding the commencement of the action." In the case before us, the court could not obtain personal jurisdiction over the husband under § 3 (*g*) because the parties to the divorce had not lived as husband and wife in Massachusetts for one year within the two years before the plaintiff brought her action. The requirement of recent marital residence in the Commonwealth also was not met in the *Morris* and *Tick* cases (as is shown by the records in those cases), but the point was not argued by either defendant.

We offer no opinion as to whether the wife might obtain jurisdiction over the husband, at least to enforce the contractual obligation to support, under some other statutory provision.

*Judgments affirmed.*

*Thomas P. Vincent* for Rosalie Kay Collins Westcott.

