KENNETH F. ZEGHIBE *vs.* MARGARET L. ZEGHIBE.

No. 11-P-860.

Barnstable. May 4, 2012. - October 11, 2012.

Present: GRAHAM, KATZMANN, & CARHART, JJ.

*Divorce and Separation,* Modification of judgment, Alimony, Child support. *Parent and Child,* Child support.

This court remanded to the Probate and Family a modification of a judgment of divorce that ordered the husband to pay alimony to the wife, where the judge's findings failed adequately to address and explain the wife's need for support [618-619]; further, the judge erred in attributing income to the husband in ordering the wife to pay child support to the husband, in that the husband's receipt of funds from individual retirement accounts at the time of the divorce, as part of the division of assets and not as a stream of income for purposes of computing support, could not be characterized as a resulting in a "reward" to him [619-621].

COMPLAINT for divorce filed in the Barnstable Division of the Probate and Family Court Department on April 17, 2007.

Complaints for modification, filed on August 14, 2008, August 31, 2009, and January 25, 2010, respectively, were heard by *Robert A. Scandurra,* J., and postjudgment motions to alter and amend judgment were considered by him.

*Wendy H. Sibbison* for Kenneth F. Zeghibe.

*George P. Lordan, Jr.* (*Dennis P. Derrick* with him) for Margaret L. Zeghibe.

CARHART, J. Kenneth Zeghibe (husband), the former husband of Margaret Zeghibe (wife), appeals from an amended consolidated judgment (on certain complaints for modification) of the Probate and Family Court which, among other things, awards him physical custody of the parties' younger child, orders him to pay alimony in the amount of $405 a week, and orders the wife to pay him child support in the amount of $170 a week. The husband has also appealed from the order denying his mo-

tion to amend the amended consolidated judgment.[1] We vacate those portions of the amended consolidated judgment concerning child support and alimony (as well as any calculations dependent upon those orders) and remand the matter for further proceedings consistent with this opinion. In all other respects, the amended consolidated judgment is affirmed.

1. *Background.* The parties were divorced by a judgment of divorce nisi (later amended) in December, 2007. At the time of the divorce, the parties' older child was eighteen years old and their younger child was twelve years old. The husband, a master mariner, was on paid leave from his employer due to a disability and his yearly income, exclusive of benefits, was a minimum of $155,000. The wife was a nursing student and was unemployed. By the terms of the amended divorce judgment, the parties were awarded shared physical custody and joint legal custody of the younger child, and the husband was ordered to pay child support for the unemancipated children in the sum of $600 a week and alimony in the amount of $400 a week. Each party received assets of substantial value through the property division.

In August, 2008, the husband filed a complaint for modification seeking a reduction in his alimony and child support obligations based upon a change in his income and employment status. In light of the husband's disability and corresponding decrease in income,[2] a probate judge, by temporary orders, suspended the husband's alimony obligation and reduced his child support payments to $500 a week. In August, 2009, the husband filed an additional complaint for modification seeking primary physical custody of the younger child and a modification of child support. In response, the wife sought increased alimony.

On March 9, 2010, after a trial, the judge issued a consolidated judgment granting physical custody of the younger child to the husband, ordering the wife to pay weekly child support for the

---

[1]Various complaints for contempt were also before the judge. They are not implicated in the present appeal, except to the extent that certain payments ordered by the judge take into consideration support and alimony payments made by the parties.

[2]The husband had begun to receive long term (tax-free) disability benefits of $78,176.76 a year ($6,514.73 a month).

younger child in the amount of $200,[3] and ordering the husband to pay weekly alimony in the amount of $200. In his rationale accompanying the judgment, the judge stated that there had been a material change in circumstances that warranted a child support and alimony modification "as the [husband's] income has reduced substantially since he no longer receives a full salary plus multiple benefits and a bonus, and the [wife] now has salary income, which she did not have at the time of the divorce."[4]

The judge also explained how he arrived at the child support and alimony amounts. With respect to child support, the judge stated that this was a case that called for an application of the Massachusetts Child Support Guidelines (guidelines) and that in applying the guidelines he had utilized income figures of $78,200 per year ($1,504 per week) for the husband and $46,800 per year ($900 per week) for the wife. With respect to alimony, the judge applied "the recommendations of the joint 'MBA-BBA Alimony Task Force' " (task force). More specifically, the judge took the husband's income of $1,504 a week and subtracted from it the wife's income of $900 a week, and then divided the difference ($604) by three. As the wife's child support obligation and the husband's alimony obligation each amounted to approximately $200 a week, the judge stated that there was a "wash" of one payment to the other. In effect, the judge noted, neither party was ordered to pay any support to the other. The support orders were made retroactive to August 29, 2009.[5]

Following the filing of postjudgment motions, an amended consolidated judgment was issued on April 20, 2010 (nunc pro tunc as of March 9, 2010), ordering the wife to pay weekly child support of $170, and the husband to pay weekly alimony in the amount of $405. The orders were again made retroactive

---

[3]The parties' older child was, by that time, a full-time college student whose college expenses were paid by both parties. The judge also found that the older child spends approximately equal amounts of time with both parties. In the circumstances, the judge determined that neither party should be ordered to pay child support for her.

[4]The judge found that since the divorce the wife had obtained a degree in nursing and was earning approximately $900 a week as a registered nurse at a hospital.

[5]The husband did not object to the orders under which he would owe $200 in weekly alimony and the wife would owe $200 in weekly child support.

to August 29, 2009, and resulted, in effect, in the husband pay-
ing alimony to the wife in the amount of $235 a week. The
judge explained his rationale as follows:

> "[W]hat was overlooked by the Court in its original judg-
> ment and rationale was that the Husband purposely reduced
> his available income stream by withdrawing $476,487 in
> [individual retirement] accounts which could have been
> withdrawn by him at the rate of between $15,000 and
> $36,000 annually (without penalty or tax obligation in
> light of his disabled status). Thus, the Husband should not
> be rewarded for cashing in an income producing asset by
> ignoring what would have been the income stream from
> that asset."[6]

The judge added approximately $31,000 to the husband's
yearly income, bringing his annual income to $110,000. The
amended income figure was then used to calculate the amount
of the alimony and child support payments due under the
guidelines and the recommendations of the task force.

[6]To understand the judge's amended rationale, further explanation is required.
By the terms of the divorce judgment the parties were to share equally in an
individual retirement account (IRA) standing in the husband's name. As of
February, 2008, the value of the IRA was $952,975.40 and each party received
one-half of that amount, i.e., $476,487.70. There was evidence at the modifica-
tion trial that in 2008 the husband withdrew $315,000 from his share of the
IRA to pay certain debts and to assist in the purchase of (1) a fifty percent
interest in a thirty-three-foot power boat, and (2) a sixty-foot used sailboat.
The husband testified that he had spent the majority of his life on the water
and was less stressed and more happy there than on land. He hoped to restore
the sailboat (which he stated he had purchased at a "good" price) by the time
of his retirement so that he could leave and go where he wanted on it. There
was also evidence that the husband later withdrew an additional $120,000
from his IRA that appears to have been used to pay the income taxes on the
IRA distributions. By the time of the modification trial, the balance in the
husband's IRA account was $1,124.02.

The wife's tax expert testified that based upon the husband's receipt of
$78,300 worth of tax-free disability income and an assumed alimony obliga-
tion of $20,800 a year, the husband could have taken $36,450 out of his IRA
each year without incurring any tax liability. If the husband paid no alimony,
he could have withdrawn $15,650 yearly from his IRA with no tax liability.
The wife's expert also indicated that had the husband invested his $476,487.70
share of the IRA, it would be appropriate to use a three percent rate of return.
The husband acknowledged at trial that he was aware that he could have
received annual distributions from the IRA without penalty, but stated that the
funds in the IRA were his assets from the divorce.

2. *Discussion.* (a) *The alimony order.* The husband argues that "after finding that the wife now earned enough [$900 a week] to replace the support ordered in the divorce judgment [a combined total of $1,000 a week], the [judge] erroneously awarded her alimony based on a mechanical formula rather than actual need."

To modify successfully a judgment for alimony, "the petitioner must demonstrate a material change in circumstances since the entry of the earlier judgment." *Pierce* v. *Pierce*, 455 Mass. 286, 293 (2009), quoting from *Schuler* v. *Schuler*, 382 Mass. 366, 368 (1981). In determining whether the amount of alimony should be modified based upon a change in circumstances, a judge must consider and weigh all of the factors set out in G. L. c. 208, § 34, in light of the facts of the particular case. *Pierce* v. *Pierce, supra* at 295-296. In acting on a complaint for modification, a judge "must keep in mind that 'the statutory authority of a court to award alimony continues to be grounded in the recipient spouse's need for support and the supporting spouse's ability to pay.' " *Id.* at 296, quoting from *Gottsegen* v. *Gottsegen*, 397 Mass. 617, 624 (1986). See *Heins* v. *Ledis*, 422 Mass. 477, 484 (1996) ("An award of alimony is improper absent a finding of financial need on the part of the recipient spouse").

Here, the husband states that at the time of the divorce, when the wife was unemployed and living in the marital home with two children, and her financial statement showed weekly expenses of $1,326.41, she was awarded $1,000 in weekly support to meet her and the children's financial needs (i.e., $600 in child support and $400 in alimony). Continuing, the husband asserts that some two years later, at the time of the modification, the judge found that the wife was earning $900 a week and that her "expenses and needs" will or have decreased.[7] Yet, the husband argues, despite these findings, and using a mechani-

---

[7]The judge found: "The [wife's] income has substantially changed and increased in an amount close to the combined amount of alimony and child support originally ordered under the Judgment of Divorce. The [wife's] expenses and needs will and have decreased. She is no longer in school, the children do not live with her, and she has not paid child-related daily expenses since June 11, 2009 other than [the younger child's] football fee and some limited clothing. Her home related expenses will further decrease as on February 10, 2010 the marital home was sold and she no longer pays utilities and real estate tax by herself."

cal formula, the judge ordered him to pay weekly alimony in the amount of $405.

We agree with the husband that the judge's findings fail adequately to address and explain the wife's need for support. See *Heins* v. *Ledis*, 422 Mass. at 485 (judge's conclusion that recipient spouse is in need of alimony must be apparent from record). See also *Bowring* v. *Reid*, 399 Mass. 265, 268 (1987). Moreover, the judge's use of the "formula" purportedly recommended by the task force is, in the circumstances (and notwithstanding the husband's failure to object to the original alimony modification order, see note 5, *supra*), problematic. In arriving at the amount of alimony to be paid by the husband, the judge appears to have relied on that part of section V of the task force guidelines that provides: "An alimony or spousal support order should be entered in consideration of traditional concepts of alimony in a specific dollar amount which dollar amount should not exceed 33% of the difference between the gross ordinary incomes of the parties." However, both the title of the task force report and the report's preamble indicate that the task force's recommendations "do not apply to circumstances where [as here] the parties have dependent children." Furthermore, the provision upon which the judge apparently relied makes clear that an order for alimony should be entered based upon "traditional concepts of alimony." Indeed, section V of the task force guidelines contains the following caveat: "The Alimony Task Force suggests that the foregoing [provision relied upon by the judge] is not to be utilized as a 'formula' for alimony but to recognize that a 'cap' of alimony orders should be available."

The order for alimony must be vacated and the matter remanded to the Probate and Family Court for further proceedings.[8,9]

(b) *The child support order.* The husband argues that the

[8]The husband also challenges the alimony award for the reason that the judge "improperly double-counted putative income from [his] IRA, which was awarded to him as property at the time of divorce." To the extent this issue retains any vitality, we address the question of attribution of income to the husband in our discussion of the child support order, *infra.*

[9]While the appeal was pending in this court, the Alimony Reform Act (the amendments to G. L. c. 208, effectuated by St. 2011, c. 124, see G. L. c. 208, § 34 & §§ 48-55) became effective on March 1, 2012. While the husband

judge erred in attributing income to him in the amount of $31,000 a year ($596 a week) as the guidelines *only* permit income attribution when "either or both of the parties is either purposely unemployed or underemployed," and the judge found specifically that the husband is not "presently able to engage in any meaningful employment" based on his medical diagnoses and medications. He also claims that the judge, in calculating child support (and alimony, see note 8, *supra*), unfairly punished him for using a personal asset that had been assigned to him, and improperly double counted putative income from his IRA, in the annual amount of $31,000, which was awarded to him as property at the time of the divorce. See *Croak* v. *Bergeron,* 67 Mass. App. Ct. 750, 758-759 (2006), and *Wasson* v. *Wasson,* 81 Mass. App. Ct. 574, 579-580 (2012), summarizing the basic law applicable to double counting.[10] In essence, the husband claims that the judge's orders redistribute to the wife, in the form of reduced child support and increased alimony, property awarded to him at the time of the divorce. Even were we to assume that attribution of income under the guidelines is not limited to situations where a party is purposely unemployed or underemployed,[11] we agree with the husband that the income attribution in this case must be set aside.

As noted, the judge's attribution of income in the amount of $31,000 is based on the premise that the husband had purposely reduced his "available income stream" by withdrawing $476,487 from his IRA and that he should not be "rewarded" for cashing in an "income producing asset" and ignoring the fact that he could have received tax and penalty free annual distributions of

cites in his brief to certain provisions of the Act, no meaningful argument has been made concerning possible application of the Act should the matter be remanded. That issue should be addressed in the first instance in the Probate and Family Court.

[10]Neither party raises any question as to the applicability of the concept of double counting in a modification proceeding; both address the question on the merits.

[11]We note in passing that both case law and the Guidelines, effective January 1, 2009, would seem to undercut the husband's assertion. See, e.g., *M.C.* v. *T.K.,* 463 Mass. 226, 240 (2012); *Crowe* v. *Fong,* 45 Mass. App. Ct. 673, 679-682 (1998) (decided under earlier version of guidelines). See also Massachusetts Child Support Guidelines I-D (2009).

principal from the IRA.[12] A difficulty with the judge's analysis is that the husband received the IRA funds at the time of the divorce as part of the division of assets and not as a stream of income for purposes of computing support.[13] Upon divorce, it is not uncommon, and often reasonable or necessary, for a party to use (or to change the form of) assets assigned to him or her for various purposes in starting anew.[14] But cf. *Pagar* v. *Pagar*, 9 Mass. App. Ct. 1, 4 (1980) (party has no right to waste asset deliberately or ignore feasible source of income and then request increase in support). In this case, we think it is strained to characterize the husband's actions as resulting in a "reward" to him.

Even were we to assume, however, that there may be circumstances in which equitable considerations would allow a judge, in an appropriate case, to treat such putative distributions as income for support purposes, on all of the facts presented here, including the relative comparability of the parties' financial situations, we perceive no such equities in this case.

3. *Summary.* So much of the amended consolidated judgment as pertains to alimony and child support, as well as any calculations dependent on those orders, is vacated and the matter is remanded to the Probate and Family Court for further proceedings consistent with this opinion. The judge may hold such further hearings as he deems necessary. Unless the judge for good written reason decides otherwise, pending further proceedings and the entry of new orders, the existing orders with respect to alimony and child support shall remain in place as temporary

---

[12]This is not a case where the judge considered available assets in deciding to deviate from the guidelines. See *Croak* v. *Bergeron*, 67 Mass. App. Ct. at 757 & n.13; Massachusetts Child Support Guidelines IV (2009).

[13]The amended judgment of divorce nisi recites that the parties shall share equally the IRA account standing in the name of the husband, and such transfer shall be made forthwith, pursuant to an approved Qualified Domestic Relations Order or other such order, to be prepared by counsel for the husband. There is nothing in the divorce judgment that requires the husband to withdraw the principal of the IRA in any specific amounts or over a period of time. It is to be noted that the judge did not impute any income to the wife from her share of the IRA. Cf. *Pierce* v. *Pierce*, 455 Mass. at 299 n.13.

[14]The husband posits, for example, a scenario where he had used his IRA funds to purchase a house, rather than the boats. He suggests that the judge surely would have approved such a "conventional decision" and not used it as the basis for attributing $31,000 in annual income to him.

orders.[15] In all other respects, the amended consolidated judgment is affirmed.

*So ordered.*

---

[15]Any proceedings necessary to enforce the temporary orders are to be brought in the Probate and Family Court. See *Kennedy* v. *Kennedy*, 400 Mass. 272, 276 (1987); *Casey* v. *Casey*, 79 Mass. App. Ct. 623, 636 n.19 (2011).