NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-711

LOUIS A. FISH, THIRD

vs.

LYNNE A. FISH.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Citing an absence of personal jurisdiction, a judge of the Probate and Family Court dismissed a complaint for modification of alimony filed by Lynne A. Fish (wife) against Louis A. Fish, III (husband).  We reverse.

While both parties resided in Massachusetts in 2013, the husband filed a complaint for divorce.  Through a separation agreement, the parties agreed that no alimony would be awarded, and they expressly allowed for the possibility of a future demand for alimony.  In 2014, a judgment of divorce nisi entered, incorporating and merging with the separation agreement.  By 2015, the husband resided in New Hampshire. During a four-year period after entry of the divorce judgment,

the parties engaged in litigation involving complaints for contempt and modification.  After entry of a modification judgment in 2018, the wife moved to New Hampshire, where both parties continue to reside.  On December 13, 2023, the wife filed the complaint for modification of alimony that is now at issue.

The judge dismissed the wife's complaint for two reasons. First, she concluded that the wife's New Hampshire residence precluded the application of the Massachusetts long-arm statute. See G. L. c. 223A, §§ 3 (g), (h); Morris v. Morris, 403 Mass. 1001, 1001 (1988) (complaint for modification listing New Hampshire as plaintiff's residence "fails, on its face, to set forth sufficient facts for jurisdiction" under long-arm statute).  Second, she concluded that the requirements of due process barred the exercise of personal jurisdiction over the husband where he lacked sufficient minimum contacts with Massachusetts.

"Generally, a claim of personal jurisdiction over a nonresident defendant presents a two-fold inquiry:  (1) is the assertion of jurisdiction authorized by statute, and (2) if authorized, is the exercise of jurisdiction under State law consistent with basic due process requirements mandated by the United States Constitution?"  Morris, 403 Mass. at 1001, quoting

2

<u>Good Hope Indus., Inc</u>. v. <u>Ryder Scott Co</u>., 378 Mass. 1, 5-6 (1979).

On appeal, the parties now properly agree that the assertion of personal jurisdiction is authorized by G. L. c. 209D.  As relevant here, personal jurisdiction "relating to a support order continues as long as a tribunal of the commonwealth has continuing, exclusive jurisdiction" to modify or enforce the order.  G. L. c. 209D, § 2-202.  See G. L. c. 209D, § 1-102 (28) (defining "support order").  "A tribunal of the commonwealth issuing a spousal support order consistent with the law of the commonwealth has continuing, exclusive jurisdiction to modify the spousal support order throughout the existence of the support obligation."  G. L. c. 209D, § 2-211 (<u>a</u>).  Because the "zero dollar alimony 'award'" remained subject to modification, <u>Buckley</u> v. <u>Buckley</u>, 42 Mass. App. Ct. 716, 721 n.5 (1997), the Probate and Family Court continued to exercise exclusive jurisdiction over the support obligation, and the husband continued to be subject to personal jurisdiction through the operation of G. L. c. 209D, § 2-202.

Based on the facts found by the judge and the record of prior proceedings, we are satisfied that personal jurisdiction is consistent with basic protections of due process.  We are not faced with a situation where the husband had a "glancing

3

presence" in Massachusetts.  Kulko v. Superior Court, 436 U.S. 84, 92 (1978).  The husband initially lived in Massachusetts and fully participated in the proceedings in the Probate and Family Court from 2013, when he filed the complaint for divorce, through 2018.  He continued to participate in the proceedings after changing his residence to New Hampshire in 2015.  He also contemplated the possibility of continued litigation through the separation agreement that left the issue of alimony open.  Moreover, by enacting G. L. c. 209D, Massachusetts has asserted a "particularized interest" in maintaining jurisdiction over spousal support obligations.  Kulko, 436 U.S. at 98.  At bottom, the record shows that the husband had a "substantial connection" with Massachusetts that comports with due process.  McGee v. International Life Ins. Co., 355 U.S. 220, 223 (1957).

Order dismissing complaint
for modification reversed.

By the Court (Meade,
Hodgens & Toone, JJ.[1]),

Clerk

Entered:  May 6, 2025.

---

[1] The panelists are listed in order of seniority.

4