DAVID ROSS *vs.* RENEE ROSS.

Barnstable.     September 16, 1976. — December 8, 1976.

Present: HENNESSEY, C.J., REARDON, BRAUCHER, KAPLAN,
& WILKINS, JJ.

*Jurisdiction,* Nonresident, Under long arm statute.   *Divorce,* Separation agreement.

In an action by a husband against his former wife seeking specific performance of a separation agreement, where the wife, a resident of New Jersey, had sought a. modification of a support order and counsel fees in a Massachusetts court and where the agreement expressly provided that it was to be construed according to the laws of Massachusetts, the Superior Court had jurisdiction over the wife under G. L. c. 223A, § 3. [440-442]

CIVIL ACTION commenced in the Superior Court on May 10, 1974.

The case was heard by *Zarrow,* J., on a motion to dismiss.

After review was sought in the Appeals Court, the Supreme Judicial Court, on its own initiative, ordered direct appellate review.

*Richard T. Moses* for the plaintiff.
*Bernard A. Kansky* for the defendant.

WILKINS, J.   This appeal presents the question whether jurisdiction may be obtained over a nonresident former wife in an action to enforce the terms of a separation agreement where that former wife has used the courts of the Commonwealth to obtain an increase in the level of support initially ordered in a decree nisi of divorce which adopted the support provisions of the separation agreement. We conclude that there was jurisdiction over the wife and the action should not have been dismissed.

The plaintiff, the divorced husband of the defendant,

filed this complaint in the Superior Court seeking specific performance of a separation agreement which was entered into between the husband and the wife several months prior to the entry of the decree nisi of divorce in September, 1967, in the Probate Court for Barnstable County. At the time the agreement was entered into and at all other material times the wife was a resident of New Jersey. The divorce decree, which adopted the terms for support contained in the separation agreement, allowed (a) $50 a month to the wife for support until the divorce became final and (b) $100 a month to the wife for the support of a minor child. In September, 1973, the wife petitioned the Probate Court for modification of its decree, seeking alimony for herself and an increase in the husband's obligation to support the child. In February, 1974, the order was modified to allow $100 a month for the support of the wife. The judge also ordered the husband to pay $500 for attorney's fees as an allowance to the wife. The order for the support of the child was not changed.

The husband brought this action in May, 1974, to enforce the terms of the separation agreement, relying on the wife's agreement not to "prosecute any action in any Court for support or other distribution or to otherwise increase the obligations of the Husband hereunder." The wife also agreed that she would not "incur or contract any debt, charge or liability whatsoever for which the Husband ... may become liable," and she agreed that she would hold the husband "harmless and indemnified of and from any and all debts, charges and liabilities ... hereafter contracted by her."

The agreement, which appears to have been executed by the husband in Massachusetts and by the wife in New Jersey, but in what order we do not know, provides that it was to be effective as of April 1, 1967, and that it should be "construed and governed in accordance with the laws of the Commonwealth of Massachusetts." The husband seeks an injunction against the wife from collecting payments pursuant to the modified support order, recovery of past amounts paid pursuant to that order, and indemnifi-

Ross *v.* Ross.

cation for the wife's counsel fees paid by the husband pursuant to that order. The wife filed a motion to dismiss relying on several grounds, including the claim that the court lacked jurisdiction over her. The motion to dismiss was allowed on the jurisdictional ground, and judgment was entered dismissing the action. The husband appealed, and we transferred his appeal here for disposition.

The husband relies rightly on that provision of our "long arm statute" which provides that "[a] court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's (*a*) transacting any business in this commonwealth." G. L. c. 223A, § 3, as amended by St. 1969, c. 623. The long arm statute asserts jurisdiction over the person to the limits allowed by the Constitution of the United States. *"Automatic" Sprinkler Corp. of America* v. *Seneca Foods Corp.,* 361 Mass. 441, 443 (1972). Personal jurisdiction for Federal constitutional purposes requires "certain minimum contacts with [the State] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " *International Shoe Co.* v. *Washington,* 326 U.S. 310, 316 (1945). The Supreme Court has said more recently that there must be "some act by which the defendant purposefully avails [herself] of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson* v. *Denckla,* 357 U.S. 235, 253 (1958).

The statute's reference to "transacting any business" does not require that the defendant have engaged in commercial activity. That language is general and applies to any purposeful acts by an individual, whether personal, private, or commercial. *Van Wagenberg* v. *Van Wagenberg,* 241 Md. 154, 170-172, cert. denied, 385 U.S. 833 (1966). *Leeper* v. *Leeper,* 114 N.H. 294, 297 (1974). Annot., 27 A.L.R.3d 397, 428-430, 499-501 (1969).

The wife's contacts with Massachusetts are sufficient to satisfy requirements of fairness and substantial justice and consist of purposeful activities which invoke the benefits and protections of Massachusetts laws. Her act of seeking

a modification of the support order and counsel fees in a court of the Commonwealth plainly involves intentional activities "invoking the benefits and protections of [our] laws." *Hanson* v. *Denckla, supra* at 253. The mere execution of a separation agreement in a State has been held sufficient under a long arm statute to justify an assertion of jurisdiction over a party to that agreement in connection with a suit to enforce the separation agreement. *Van Wagenberg* v. *Van Wagenberg,* 241 Md. 154, 172-176, cert. denied, 385 U.S. 833 (1966). *Zindwer* v. *Ehrens,* 34 App. Div. 2d 906 (N.Y. 1969). *Kochenthal* v. *Kochenthal,* 28 App. Div. 2d 117, 121 (N.Y. 1967). Cf. *Strasser, Spiegelberg, Fried & Frank* v. *Schlesinger,* 53 Misc. 2d 78, 80 (Sup. Ct.), aff'd mem., 28 App. Div. 828 (N.Y. 1967). The substantial contacts of the wife with this Commonwealth and the parties' expressed intention that the separation agreement be construed according to our laws justify personal jurisdiction over the nonresident wife, even if fortuitously the wife may have executed the agreement last, thus perhaps making the agreement a New Jersey contract for some purposes. The wife must answer in the courts of this Commonwealth to the husband's claim that her activities here constituted a breach of her contractual obligation under the separation agreement. Cf. *Wood* v. *Wood,* 369 Mass. 665, 671 (1976). It follows that the judgment of dismissal must be reversed.[1]

There is one further matter on which we should comment. The wife's motion to dismiss relied on the ground, not reached by the Superior Court judge, that the consequences of the separation agreement were raised, argued,

---

[1] We note that by St. 1976, c. 435, approved by the Governor on October 19, 1976, G. L. c. 223A, § 3, has been amended to provide in certain circumstances for personal jurisdiction over a nonresident spouse or former spouse in connection with actions concerning "obligations or modifications of alimony, custody, child support or property settlement orders relating to said marriage or former marriage, if the plaintiff continues to reside within the commonwealth." That amendment does not relate to jurisdiction in a contract action such as is involved here, because the amendment deals only with actions concerning certain court orders.

Ross *v.* Ross.

and decided against the husband in the Probate Court for Barnstable County at the time the wife's petition for modification was heard.[2] In light of what we have said in *Knox* v. *Remick, ante,* 433, 438 (1976), decided this day, we believe that the proper administration of justice calls for the transfer of this case to the Probate Court for Barnstable County for disposition. The wife's claim that the husband's rights are foreclosed by the earlier determination can be considered there. Exercising our general powers of superintendence of the courts (see also G. L. c. 211, §§ 3 and 4A), we order that this case be transferred for disposition to the Probate Court for Barnstable County.

The allowance of the motion to dismiss is vacated. The judgment is reversed. We order that this case be transferred for disposition to the Probate Court for Barnstable County.

*So ordered.*

---

[2] The inclusion of the substantive ground of prior adjudication in the wife's motion to dismiss did not constitute a waiver of the assertion that the court lacked jurisdiction over the wife. Massachusetts Rules of Civil Procedure 12 (b), 365 Mass. 754 (1974), provides that "[n]o defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion." See *Neifeld* v. *Steinberg,* 438 F.2d 423, 428-429 (3d Cir. 1971); *Blank* v. *Bitker,* 135 F.2d 962, 966 (7th Cir. 1943); *Webb* v. *United States,* 21 F.R.D. 251, 254 (E.D. Pa. 1957).