SAMUEL L. THOMPSON *vs.* MARGARET THOMPSON. July 29, 1981. The husband appeals from judgments of the Probate Court entered on a contempt complaint and on several complaints for modification which required him to pay arrearages in alimony of $9,920; to pay $1,250 for educational expenses for his son Mark; to increase alimony payments from thirty dollars to forty-five dollars per week; and to pay child support of seventy-five dollars per week (reduced from eighty-five dollars). We affirm the judgments.

1. The husband argues that if there was any change in circumstances, the change required a reduction rather than an increase in his obligations. Although he acknowledges that his income had increased since the last prior decree, he urges that the wife's income (although considerably less than his) had increased proportionately more. He also claims that the master's reliance on a sixty percent increase in the cost of living was misplaced, as the increase in the cost of living affected him as well.

The question whether circumstances have changed and the "extent and palpability of such change . . . lie[ ] in large measure within the discretion of the trial judge." *Heistand* v. *Heistand*, 384 Mass. 20, 26 (1981). Here, the trial judge filed an extensive written statement in conjunction with adopting the findings of a master. The statement shows that the judge took into account the husband's increased income and assets, his housing arrangements, and the circumstances of his remarriage. He also related the facts concerning the wife's income (in 1977 less than half that of her husband) and lack of capital assets and noted the increase in the cost of living. There is no inflexible rule involved in the balancing of equities of a modification petition, *Heistand, supra* at 27, and the fact finder could well have concluded that the cost of living increase placed a greater burden on the wife because of her lower income than on the husband despite her increased earnings. Such burden could justify an increase in alimony. See *Kirtz* v. *Kirtz, ante* 141, 147 (1981). We see no inequity in the husband's being required to pay the amounts awarded in alimony, child support, and educational expense on his income of $28,000. See *Heistand, supra* at 28.

2. The husband also claims that it was error to find an arrearage of alimony on the wife's complaint for contempt filed on June 24, 1975. The difficulty arises because earlier orders entered by a different judge were not as clear as they should have been. Those orders, in so far as relevant, were as follows:

> *December 3, 1969.* This was the original decree nisi. It awarded custody of both children to the mother and ordered weekly payments by the husband of one hundred dollars child support and thirty dollars alimony.

> *February 11, 1970.* This decree, by agreement of the parties, corrected the December 3, 1969, decree nunc pro tunc. Custody of the son was given to the father, the daughter was to remain with the mother, and weekly payments of fifty-five dollars for child support and thirty as alimony were ordered.

> *June 29, 1972.* This decree was entered on the petition of the wife, who claimed that the son wanted to live with her and his sister. -It ordered that the "decree of this Court dated December 3, 1969, be modified by increasing the support payment from fifty-

five (55) dollars to seventy (70) dollars per week for the support of [the son], the minor child of the parties, the support payment during the summer months are to be one hundred (100) dollars per week for the said minor child. Custody of both minor children . . . is to be reviewed . . . ." The June 29, 1972, decree did not mention alimony and erroneously referred to seventy dollars as being paid only for the son (and not for both children).

*January 9, 1973*. This decree was not the result of any new petition, and was "on motion of the court." It expressly provided for further modification of the prior decrees, setting out each of their dates. It gave custody of the daughter to the mother and gave the parents joint custody of the son. The portion of the decree relating to money reads: "It is further ordered that the order for child support be and hereby is *reduced* to eighty-five dollars per week" (emphasis supplied). As in the June 29, 1972, decree, alimony was not mentioned.

The husband argues that by using the words "is reduced" the judge in 1973 meant that the total weekly payments, that is, alimony plus child support, were to be eighty-five dollars. The master and the trial judge construed the January, 1973, decree as covering only child support, and the judge held that the husband was in arrears in the amount of thirty dollars per week alimony from January 9, 1973, to date. Because of the "uncertainty" in the language of the orders, the husband was not adjudged in contempt.

We think the interpretation given by the trial judge to the earlier orders of a different judge was proper. While the words "is reduced" in the January 9, 1973, decree are confusing if looked at only in light of the June 29, 1972, decree (seventy dollars child support), the language does make sense if viewed in connection with the original December 3, 1969, decree which had awarded one hundred dollars in child support. Moreover, an eighty-five dollar child support order was consistent with the purpose of the January 9, 1973, decree, which removed custody of the son from the father and gave joint custody to both parents. The order gave the mother slightly more than one half the amount she was receiving for the other child as child support. Accordingly, we hold the finding of arrearages in alimony payments proper.

*Judgments affirmed.*

*Burton E. Atkins* for Samuel L. Thompson.
*Margaret Thompson*, pro se.