ANITA C. HEIDER *vs.* JOHN F. HEIDER.

No. 90-P-601.

Middlesex. January 27, 1993. - June 22, 1993.

Present: PERRETTA. DREBEN. & KASS, JJ

*Jurisdiction*, Nonresident, Long-arm statute, Divorce proceeding. *Divorce and Separation*, Jurisdiction, Child support. *Statute*, Retrospective statute.

In an action brought in 1988, seeking to enforce a 1974 child support order, there was no basis for the probate judge's assertion of continuing personal jurisdiction over the husband under G. L. c. 223A, § 3(*h*), where the complaint had been filed eight years after the youngest child had come of age [636-637]; moreover, even if the statute were retroactively applicable, the plaintiff did not demonstrate that her children resided within the Commonwealth as required under that section to establish jurisdiction [637-638].

LIBEL for divorce filed in the Probate Court for the county of Middlesex on December 7, 1959.

A complaint for contempt, filed on May 25, 1988, was heard by *Edward J. Rockett*, J.

*A. Clark-Heider*, pro se.

*Jack N. Sarkisian* for John F. Heider.

PERRETTA, J. In 1988, the former wife (Anita) brought a complaint in the Probate Court seeking to enforce a 1974 child support order against the former husband (John), who had not resided in Massachusetts since, at least, 1973. Anita asserted that Massachusetts had personal jurisdiction over John by reason of G. L. c. 223A, § 3(*a*) & (*g*), as well as under G. L. c. 208, § 36A. At the conclusion of the evidentiary hearing on John's motion to dismiss, brought under Mass.R.Dom.Rel.P. 12(b)(2) (1975), the judge found that Anita was a Massachusetts resident on the date she commenced the present action, and he denied John's motion

without specifying upon which subsection(s) of c. 223A, § 3, his ruling was based. He adjudicated John in contempt and denied counsel fees in the full amount requested by Anita. On the parties' cross appeals, we conclude that there is no basis for the assertion of personal jurisdiction over John, reverse the judgment, and order that Anita's complaint be dismissed.[1]

We do not consider Anita's assertion of jurisdiction under G. L. c. 223A, § 3(*a*), see, e.g., *Ross* v. *Ross*, 371 Mass. 439, 442 & n.1 (1976), and, instead, look only to § 3(*g*) and (*h*). As for the jurisdictional prerequisites of § 3(*g*), we need say no more than that the parties were divorced in 1960.[2] If there is personal jurisdiction over John, it must be by reason of subparagraph (*h*) of § 3. As amended by St. 1987, c. 100, the statute provides:

> "A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's . . . (*h*) having been subject to the exercise of personal jurisdiction of a court of the commonwealth which has resulted in an order for child support or maintenance, notwithstanding the subsequent departure of the defendant from the commonwealth, where the plaintiff and the child continue to reside within the commonwealth and where such plaintiff is pursuing an action involving modifications of such order or the enforcement thereof."

Any doubt as to whether a Probate Court had continuing personal jurisidction over a nonresident party to enforce its support orders, see *Winternitz* v. *Winternitz*, 19 Mass. App. Ct. 228, 231 n.3 (1985), was resolved by the enactment of § 3(*h*). See *Packard* v. *Packard, ante* 543, 548 (1993). Continuing jurisdiction is based upon the "unique nature of the

---

[1]Our conclusion also disposes of Anita's appeal.

[2]Section 3(*g*), inserted by St. 1976, c. 435, provides for jurisdiction where the marital domicil of both parties was within the Commonwealth for at least one year within the two years immediately preceding the commencement of the action.

ongoing obligations created by valid child support orders and the logic of permitting the court that issued those orders to oversee their modification and enforcement." *Ibid.*

In the instant case, however, continuing personal jurisdiction over John to enforce the 1974 support order exists only by retrospective application of § 3(*h*). Both children had attained their majority by sometime in 1980.[3] Although it is established that "G. L. c. 223A is retrospective in operation," *Kagan* v. *United Vacuum Appliance Corp.*, 357 Mass. 680, 684 (1970), there are limits to the backward reach. The manner in which those limits are determined is stated in *Kennedy* v. *Kennedy*, 10 Mass. App. Ct. 113, 116 (1980): "As we observed in *Goes* v. *Feldman*, 8 Mass. App. Ct. 84, 88 (1979), . . . the essential task is to inquire whether the proceedings have 'gone past the procedural stage to which the statute pertains.' Thus, 'no "retroactive" procedural statute could apply to a case which has been closed, *i.e.*, has gone to judgment and either been affirmed on appeal or not been appealed within the time allowed for appeal.' *City Council of Waltham* v. *Vinciullo*, 364 Mass. 624, 627 (1974)."

Finality in respect to support orders is difficult to attain because of the unique and continuing nature of the obligation. See *Kennedy* v. *Kennedy*, 10 Mass. App. Ct. at 117; *Packard* v. *Packard*, *supra* at 548. It can be said, however, that where the legal obligation to support has long ceased by reason of majority, the order has become final. See *Larson* v. *Larson*, 30 Mass. App. Ct. 418, 425 (1991) ("a Probate Court judge has no authority under G. L. c. 208, § 28, to make support orders for a child over twenty-one"). Although the obligation to support may end upon the stroke of the clock, it does not follow that the support order will become final with such precision for purposes of enforcement. The continuing nature of the obligation requires that the right to seek its enforcement also continue beyond the attainment of majority for a period reasonable in the circumstances of the

---

[3]One child was born in 1957 and the other in 1959.

particular case. Cf. *Bjordahl* v. *Bjordahl*, 308 N.W.2d 817 (Minn. 1981), where the Supreme Court of Minnesota found it unnecessary to consider whether long-arm jurisdiction existed because it concluded that it had continuing jurisdiction to enforce alimony and child support orders even though both children had attained their majority within the preceding two years.[4]

Whatever the outermost limits of a reasonable period may be, they were well exceeded in this case. Some eight years elapsed between the time the children came of age and the date of the filing of the complaint. If such a great passage of time did not work to change the nature of the action from one seeking enforcement of John's child support obligation to an action to collect monies owed by John to Anita, it certainly worked to bring the present proceedings to a stage beyond which § 3(*h*) reasonably can be said to pertain. See *Kennedy* v. *Kennedy*, 10 Mass. App. Ct. at 116.

Even were § 3(*h*) given the far reaching retroactive application for which Anita contends, our conclusion that her complaint must be dismissed would be no different. " 'Facing a motion to dismiss under Mass.R.Civ.P. 12(b)(2), the plaintiff[] bear[s] the burden of establishing facts on which to predicate jurisdiction over the defendant.' *Good Hope Indus., Inc.* v. *Ryder Scott Co.*, 378 Mass. 1, 3 (1979). See also *Balloon Bouquets, Inc.* v. *Ballon Telegram Delivery, Inc.*, 18 Mass. App. Ct. 935 (1984). In our review we focus, as we must, on the prior proceedings and record in the trial court at the time the . . . motion was denied." *Winternitz* v. *Winternitz*, 19 Mass. App. Ct. at 230.

---

[4]Although in the trial court Anita asserted that there was continuing jurisdiction over John under G. L. c. 208, § 36A, on appeal neither party has argued the effect of that statute, which was enacted in 1982. Nonetheless, we observe that there is nothing in the record to suggest that Anita sought to reach any disposable earnings John might have had in Massachusetts. See *Packard* v. *Packard*, *supra* at 548 n.6. To the extent § 36A might be read as conferring continuing jurisdiction on the Probate Court even where there is no entitlement or property of the obligor in the Commonwealth by which a support obligation may be satisfied, we conclude that c. 223A, § 3(*h*), limits the assertion of personal jurisdiction under c. 208, § 36A. Cf. *Morris* v. *Morris*, 403 Mass. 1001 (1988).

At the hearing on John's motion, the evidence centered mostly on Anita's living arrangements outside of Massachusetts during 1988 and 1989. Even if Anita sustained her burden of showing that she satisfied the residency requirement of § 3(*h*), as the judge found, she failed to make the requisite showing that the "child continue to reside within the commonwealth" in respect to either of the two children. All we know of both the adult children is that, according to Anita, they resided in New Hampshire. Cf. *Morris* v. *Morris*, 403 Mass. 1001 (1988); *Tick* v. *Tick*, 403 Mass. 1002 (1988). Because we conclude that our long-arm statute does not afford a basis for exercising jurisdiction over John, we need not consider the sufficiency of his contacts with Massachusetts. See *Morrill* v. *Tong*, 390 Mass. 120, 133 (1983).

The judgment of the Probate Court is reversed, and a new judgment is to enter dismissing the action.

*So ordered.*