Johnson, J.
The plaintiff has appealed the trial court’s allowance of the defendants’ joint motion to dismiss the complaint on the grounds of lack of personal jurisdiction and forum non conveniens. The plaintiff and defendant William Burchill are married and reside in England. The defendant Alamo Rent-A-Car (hereinafter “Alamo”) is a car rental company with offices throughout the country including Massachusetts. The defendant Crawford & Company (hereinafter “Crawford”) is in the business of providing automobile liability insurance in Massachusetts. See Motion Judge’s Memorandum of Decision, p. 3.
In May, 1996, the Burchills flew to Boston for a vacation. Upon landing at Logan Airport, they rented a car from Alamo for a period of approximately 24 weeks. They also purchased a variety of automobile insurance, including liability coverage, offered by Alamo and provided by Crawford. The car rental agreement and the contract of insurance were signed by Mr. Burchill at Alamo’s Logan Airport office. The car rental agreement required Mr. Burchill to return the car to Alamo’s Logan Airport office on June 1,1996.
The Burchills used the rental car while on vacation in Massachusetts and then traveled to New Brunswick, Canada, where, on May 23,1996, while Mr. Burchill was operating the rental car, they were involved in a motor vehicle accident that resulted in personal injury to Mrs. Burchill
On May 21, 1999, Mrs. Burchill commenced this lawsuit in the Suffolk County Superior Court in Massachusetts seeking damages from Mr. Burchill for his alleged negligence in operating the rental car and damages from Alamo and Crawford for alleged violations of G.L.c. 93A and G.Lc. 176D. On August 17, 1999, the defendants filed a motion in the Superior Court to dismiss the complaint for lack of personal jurisdiction and for forum non conveniens. The case was remanded pursuant to G.L.c. 231, §102C by the Superior Court (Spurlock, J.) to the Boston Municipal Court on October 1,1999. The motion to dismiss was heard on November 29, 1999.[2]
The parties agreed that the Boston Municipal Court has jurisdiction over Alamo and Crawford because of the location of their offices and their continued business *92 presence in Massachusetts. The motion judge allowed the motion to dismiss, concluding that Massachusetts does not have personal jurisdiction over Mr. Burchill; that, although Alamo and Crawford have “deep Massachusetts ties” the claims against them are merely “derivative” of the claims against Mr. Burchill and that Massachusetts is a forum non conveniens. See Motion Judge’s Memorandum of Decision, pp. 3,4. We reverse.
In determining whether a Massachusetts court can exercise jurisdiction over a nonresident defendant, a two-part inquiry must be considered: “(1) [whether] the assertion of jurisdiction [is] authorized by statute, and (2) if authorized, [whether] the exercise of jurisdiction under State law [is] consistent with basic due process requirements mandated by the United States Constitution.” Good Hope Industries, Inc. v. Ryder Scott Co., 378 Mass. 1, 5-6 (1979). The inquiry is “sensitive to the facts of each case.” Id. at 2 (quoting Great W. United Corp. v. Kidwell, 577 F.2d 1256, 1266 (5th Cir. 1978)). The governing Massachusetts statute is G.L.c. 231, §3, commonly known and hereafter referred to as the long arm statute. Under §3 (a) of the long arm statute, jurisdiction is extended over non-residents as to causes of action “arising from... [their] transacting any business in this [C]ommonwealth.” A plaintiff seeking to invoke §3 (a) must show that the non-resident defendant transacted business in Massachusetts and that the claim arose from those transactions. Tatro v. Manor Care, Inc., 41 Mass. 763, 767 (1994), citing Good Hope, supra. The “transacting business” requirement is construed broadly and may be of a personal rather than a commercial nature. Id. at 767; Ross v. Ross, 371 Mass. 439, 441 (1976). A person has “transacted business” in Massachusetts if he purposefully and successfully solicited business from residents of this state. Tatro at 768. While a single transaction within the commonwealth will not always meet this requirement, “physically signing a contract in Massachusetts is, in literal terms, transacting business in Massachusetts [for jurisdictional purposes] if the cause of action arises from that contract” Carlson Corp. v. University of Vermont, 380 Mass. 102, 105 (1980).
In the present case, the defendants not only executed the car rental agreement in Massachusetts but also entered into a contract of insurance in Massachusetts. In addition, the Burchills flew to Boston’s Logan Airport together and used the rental car on a vacation they took in the Commonwealth where they solicited this state’s hotel, restaurant and tourism businesses. Although the Burchills eventually drove the rental vehicle out of Massachusetts, they remained connected to this state because Alamo retained ownership of the car and because the rental agreement called for Mr. Burchill to return the car to Alamo’s office in Massachusetts. These are sufficient contacts to satisfy the “transacting business” requirement of the long arm statute.
Section 3(a) of the long arm statute allows jurisdiction only if the cause of action “arises from” the business transacted by the defendant in Massachusetts. When, as in this case, the cause of action is a tort that allegedly relates to a contract, the “arising from” standard is not limited to a strict proximate cause analysis but is construed liberally and looks to whether the defendant's contractual contact with Massachusetts is a “causative factor” in the occurrence of the tort Tatro at 770, quoting Prejean v. Sontratrach, Inc., 652 F.2d 1260 (5th Cir. 1981). In this case, the Massachusetts car rental contract between the defendants and the consequent delivery of the car, the instrument of the tort were the first and vital links in a causative chain of events that led to the accident and Mrs. Burchill’s injuries. In addition, under Massachusetts law, Mr. Burchill was obliged to obtain proper liability insurance as a prerequisite to renting, accepting delivery and operating the rental car on Massachusetts roadways. G.L.c. 90, §34J. It is hard to imagine the accident in Canada without there first having been a contract of insurance in Massachusetts. The accident in Canada not only arose out of Mr. Burchill’s business *93 transactions in Massachusetts, but would not have happened in the absence of those transactions.[3]
The application of the long arm statute to the specific fects of this case is consistent with basic due process mandated by the United States Constitution. “‘[T]he constitutional touchstone’ of the determination whether an exerdse of personal jurisdiction comports with due process ‘remains whether the defendant purposefully established minimum contacts in the forum state” and whether the assertion of jurisdiction offends ““traditional notions of feir play and substantial justice.” Tatro at 772, 773, quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474, 105 S. Ct. 2174, 2183, 85 L. Ed. 2d 528 (1945); International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). We conclude that Mr. Burchill’s contact with the Commonwealth as described above was purposeful and adequate to satisfy the “minimum contacts” requirement of due process.
“Fair play and substantial justice” require that an assertion of jurisdiction over a defendant “he tested for reasonableness, taking into account such factors as the burden on the defendant of litigating in the plaintiffs chosen forum, the forum State’s interest in adjudicating the dispute and the plaintiffs interest in obtaining relief.” Id., citing Ashai Metal Indus. Co. v. Superior Court, 480 U.S. 102, 113 (1987). It is reasonable to conclude that Mr. Burchill knew or should have known that he might have to appear in Massachusetts courts for all matters related to his contractual transactions in Massachusetts, including claims arising from alleged tortious conduct in Canada
The record does not provide any evidentiary support for a conclusion that litigating in Massachusetts would present a greater personal burden for Mr. Burchill than litigating in Canada It is unlikely that Mr. Burchill is the strategist for the defendants in this litigation. It is more likely that he is acting in compliance with the requirements of the insurance contract that he cooperate with his co-defendants. We note with interest that the record is absent any verified information indicating that the preference of Mr. Burchill is to litigate in Canada rather than Massachusetts. Even though their jurisdictional preferences may differ, we observe that all three defendants are represented by the same counsel. As noted by the motion judge, the scope of Alamo and Crawford’s ties to Massachusetts are “deep,” and it would be inconsistent with fair play and substantial justice for the corporate defendants, who are available and accessible In Massachusetts, to avoid this courf s clear jurisdiction over them through the use of Mr. Burchill as a shield against such jurisdiction.
The record is not clear as to why the plaintiff elected to file her complaint in Massachusetts. Although her legal strategy is not relevant to the issue of this court's jurisdiction over Mr. Burchill, we were informed by counsel at oral argu *94 ment that at the time of the filing of this complaint, the plaintiff was time barred from commencing litigation in Canada
We infer from the arguments of counsel and the procedural history of this dispute that several of the G.L.c. 93A and G.L.c. 176D claims are premised on the defendants’ alleged unfair delay in settling the plaintiffs claim. Presently, Massachusetts is the only forum available to the plaintiff and given the defendants’ significant contact with this state, Mr play and substantial justice warrant this courfs jurisdiction.
We see no reason to thwart the plaintiffs choice of Massachusetts as a forum on the grounds of forum non conveniens particularly since we find that Massachusetts has personal jurisdiction oyer all defendants. The dismissal of a complaint on the grounds of forum non conveniens rests in the discretion of the motion judge, however dismissal on grounds of forum non conveniens should rarely be granted; “‘unless the balance is strongly in favor of the defendant, the plaintiffs choice of forum should [not] be disturbed.’” New Amsterdam Cas. Co. v. Estes, 353 Mass. 90, 95 (1967), quoting Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508-509, 67 S. Ct. 839, 843, 91 L. Ed. 1055.[4]
The known facts of the accident do not appear to be so unique or complex as to raise concerns regarding the capacity of this court to apply the substantive automobile tort law of Canada if and where appropriate. After all, this is an action alleging the negligent operation of an automobile where the law in Canada is probably well settled and the fact pattern is of the sort in which this court is considerably experienced. Nor do we have reason to believe that the number of witnesses and the amount of physical evidence material to the accident are exceptional. In contrast, the more complex G.L.c. 176D claims against Alamo and Crawford should be resolved by a Massachusetts court where we presume our greater expertise.
We especially do not think that the claims against Alamo and Crawford should have been dismissed on the grounds of forum non conveniens. The motion judge found that Alamo and Crawford’s claims are merely “derivative” of the claim against Mr. Burchill and concluded they too would be better resolved in Canada. However, the claims set forth in the complaint against Alamo and Crawford for violations of G.L.c. 176D and G.L.c. 93A are more than “derivative”; they are independent and actionable regardless of Mr. Burchill’s ultimate tort liability. Clegg v. Butler, 424 Mass. 413 (1997). Alamo and Crawford expressed a willingness to litigate in Massachusetts and showed confidence in our judicial system by providing in the rental agreement that Massachusetts would be the choice forum for any contract-related disputes. The record is silent as to the number and identity of witnesses in Canada but most of the witnesses having knowledge of the G.L.c. 176D claims, the car rental agreement; and the contract of insurance are likely to be located in Massachusetts.
The motion judge reasoned that Mr. Burchill may be encouraging or is in collusion with his wife in seeking recovery from Alamo and Crawford and found, therefore, that Alamo and Crawford should have easier access to witnesses in Canada who might refute Mr. Burchill’s version of the accident[5] The Commonwealth has *95 long rejected the concept that one spouse suing another in an automobile tort is inherently suspect Lewis v. Lewis, 370 Mass. 619 (1976). In addition, we cannot discern Mr. Burchill’s version of the accident He may ultimately, in his answer to the complaint, deny responsibility for the accident, or, on the other hand, his liability may lie reasonably clear so as to diminish the need for further witnesses. Nor do we know the availability or the existence of any witnesses in Canada or whether their specific version of the accident would contradict Mr. Burchill. There were no expressions of intent by counsel to initiate any third parly claims to bring the operator of the other vehicle into this litigation, nor have we been informed of any litigation initiated by Mr. Burchill against the operator of the other vehicle in Canada. In the event there are percipient and necessary Canadian witnesses, Canada is not so distant from Massachusetts in law or geography as to impose an unwarranted logistical or economic burden on Alamo and Crawford to secure their testimony or presence in Massachusetts.
Accordingly, the order allowing the defendants’ motion to dismiss is hereby reversed, and the complaint is restored to the docket as to all defendants and for all purposes.

 The motion to dismiss was decided on oral arguments of counsel and competing memoranda Evidentiary hearings are encouraged in uniquely fact-based personal jurisdiction disputes to clarify the courfs judgment and to facilitate appellate review. See Kleinerman v. Morse, 26 Mass. App. Ct. 819, 821 n.4 (1989), citing Time Share Vacation Club v. Atlantic Reports, Ltd., 735 F.2d 61, 66 & n.9 (3d Cir. 1984) and Marine Midland Bank, N.A. v. Miller, 664 F.2d 899, 904 (2d Cir. 1981).

 Mrs. Burchill also argues that this court has personal jurisdiction over Mr. Burchill pursuant to §3(0 of the long arm statute, which confers jurisdiction over causes of action arising from “a person’s contracting to insure any person, property or risk located within this commonwealth at the time of contracting.” Mrs. Burchill cites American Home Assur. Co. v. Sport Maska, 808 F. Supp. 67 (D. Mass. 1992), arguing that the court there held that §3 (0 conferred jurisdiction over nonresident insured parties to an insurance contract who, at the time the contract was consummated, intended the insurance to cover risk of liability within the Commonwealth. Applying the Plaintiff’s interpretation of the court’s holding in. American Home Assur. Co. to this case, the defendants, including Mr. Burchill, would have been immediately subject to this courf s jurisdiction at the time the insurance contract was consummated because the insurance covered Mr. Burchill’s use of the rental car in Massachusetts, notwithstanding that the locus of the tort was in Canada This argument is not without some merit, however, because we agree that §3 (a) confers jurisdiction over Mr. Burchill, we decline to determine the specific applicability of §3(0 to the facts of this case.

 M.G.L.C. 223A §5, the statute governing forum non conveniens, states that “[w]hen the court finds that in the interest of substantial justice the action should be heard in another forum, the court may stay or dismiss the action in whole or in part on any conditions that may be just”

 “This is, after all, a claim by a wife against her husband. It requires no leap of Mth to conclude that the usual adversary positions between a claimant and the party against whom the claim is made may be lacking here. Plaintiff, perhaps, but not necessarily with the encouragement if not the collusion of the husband, is seeking a recovery from the owner or the insurer. At the least, they should have access to those in Canada — other than the husband — who must help determine if the wife is entitled to recover because of the husband’s asserted negligence.” Motion Judge’s Memorandum of Decision, p. 4.