Muse, Christopher J., A.J.
The underlying action between the plaintiffs, David I. and Virginia Normandy, and the defendants, Royal Industries, Inc., Fat Mike’s Pizza, Inc. (d/b/a Red Barn Pizza), and Westerman Store Equipment, arises from an injury to David Normandy while eating lunch at Red Barn Pizza. The injury occurred when a metal chair, upon which David was sitting, broke. The chair was manufactured by defendant Royal and distributed to Red Barn by defendant Westerman.
On June 23, 2005, Royal filed a third-party complaint against Intradin Co., LTD. Royal’s third-party complaint alleges that Intradin is the manufacturer of the frame of the chair in issue, that Royal purchased the chair from Intradin, and that Royal subsequently attached a seat to the chair.[3]
This matter is now before this court on Intradin’s Motion to Dismiss for Lack of Personal Jurisdiction. Intradin asserts that the motion should be allowed because it is a Chinese corporation that (1) does not transact business directly or indirectly in Massachusetts and (2) has no presence in Massachusetts. According to an affidavit accompanying the motion, Intradin does not control any properly or maintain assets in Massachusetts, it has never transacted business in Massachusetts, it has never directly contracted to ship goods into Massachusetts, it has never directly marketed, advertised, or solicited sales of its goods in Massachusetts, it has never engaged an agent to directly market goods in Massachusetts, it does not provide advice to customers in Massachusetts, it retains no control over the chair frames that it sends to Royal for completion, and it has no awareness of the movement of the chairs following their completion.
Royal counters that Intradin advertises itself via the internet as a worldwide manufacturer and distributor and that it was reasonably foreseeable when Intradin placed the chair in the stream of commerce it would end up in Massachusetts.

DISCUSSION

A claim of personal jurisdiction over a non-resident third-parly defendant presents a two-fold inquiry: (1) whether jurisdiction is authorized by G.L.c. 223A, §3, i.e. the Massachusetts Longarm Statute; and, (2) whether jurisdiction under the statute is consistent with the basic due process requirements mandated by the United States Constitution. Stanton v. AM General Corp., 50 Mass.App.Ct. 116, 177 (2000). The plaintiff bears the burden of establishing the facts necessary to satisfy this inquiry. C.H. Babb Co., Inc. v. AM Mfg. Co., 14 Mass.App.Ct. 291, 292 (1982). In the conduct of the inquiry, this court need only accept the uncontroverted facts as true. Fern v. Immergut, 55 Mass.App.Ct. 577, 579 (2002).

I. The Massachusetts Longarm Statute

Pursuant to G.L.c. 223A, §3, a party may assert jurisdiction over a non-resident defendant for; (a) transacting business in Massachusetts; (b) contracting to supply services or things in Massachusetts; (c) causing tortuous injury in Massachusetts while in Massachusetts; (d) causing tortuous injury inside Massachusetts by an act or omission outside of Massachusetts if the person regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in Massachusetts; (e) having an interest in, using or possessing real property in Massachusetts; or, (f) contracting to insure a person or property in Massachusetts. Royal asserts that this court may assert personal jurisdiction over Intradin under the transaction business prong of section 3(a).
Even though this court must broadly construe section 3(a), Royal cannot establish the necessary contacts for jurisdiction. Fairview Mach. & Tool Co. v. Oakbrook Intern., 56 F.Sup.2d. 134, 137 (D.Mass. 1999). Besides showing that the injury occurred in Massachusetts, Royal cannot show that Intradin had any contacts with the forum. Rather, Intradin is a Chinese corporation, which sold its component product (chair frames) to Royal, an Illinois company. Royal then added a seat and transferred the completed chair to a distributor. This distributor then sold the chair into Massachusetts. Royal has not shown that Intradin maintains offices or agents in Massachusetts, that it advertises or solicits customers in the forum, or that it provides advice to customers in Massachusetts. Furthermore, Intradin receives its revenue directly from its sales of chair frames to Royal, not from sales in Massachusetts. The frames, and their ultimate destination, are then under Royal’s control. In sum, Royal cannot demonstrate any business acts by Intradin in the Commonwealth. Ross v. Ross, 371 Mass. 439, 441 (1976).

II. Due Process

Furthermore, the exercise of personal jurisdiction in this instance is not permissible under the Constitution of the United States. Fairview Mach. & Tool Co., 56 F.Sup.2d. at 138. The purpose of this test is to provide fair warning of the possibility of jurisdiction and thereby ensure that the third-party defendant is not subject to judgments in a forum in which it has established no meaningful contacts or relations. Heins v. Wilhelm Loh Wetlar Optical Mach. GmbH & Co. KG, 26 Mass.App.Ct. 14, 21 (1988). “Where a forum seeks to assert specific jurisdiction over an out-of-state [third-party] defendant who has not consented to suit there, this fair warning requirement is satisfied if the [third-party] defendant has purposefully directed his activities at residents *714 of the forum and the litigation results from alleged injuries that arise out of or relate to those activities.” Heins, 26 Mass.App.Ct. at 21 (internal citations and quotations omitted).
Therefore, in determiningjurisdiction, the critical inquiry is whether the third-party defendant purposefully established minimum contacts in the forum. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985). As such, the third-party defendant’s conduct in the forum and/or connection with the state must be such that it would “reasonably anticipate being haled into court there.” C.H. Babb, 14 Mass.App.Ct. at 294. Merely placing a product into the stream of commerce, without more, is an insufficient connection. Heins, 26 Mass.App.Ct. at 24, citing Asahi Metal Indus. Co. v. Superior Court, 480 U.S. 102, 112 (1987) (plurality). Furthermore, a third-party defendant’s “specific knowledge that the stream of commerce would move its [component (tire rims), as a transformed and final product (tires),] into [the forum State]” is insufficient, without more, to constitute minimum contacts." Rodriguez v. Fullerton Tires, 115 F. 3d 81, 85 (1st Cir. 1987). Rather, additional conduct such as designing the product for the market in the forum, advertising in the forum, establishing channels for providing advice to customers from the forum, or marketing the product through a distributor who has agreed to serve as an agent in the form, is necessary. Heins, 26 Mass.App.Ct. at 24, citing Asahi Metal Indus. Co., 480 U.S. at 112 (explaining defendant had multiple products then in use in the forum, it acted directly to serve the forum, it sent employees to visit and advise existing and prospective customers in the market, and it derived substantial revenue from the forum market).
In the present case, Intradin’s sole contact is its chair frame that reached this forum via the stream of commerce. Intradin’s alleged[4] awareness that the stream of commerce was moving their component (chair frames), as a transformed and final product (chairs),[5] into this forum, is insufficient, without more, to establish minimum contacts. Rodriguez, 115 F.3d at 85. Intradin does not maintain any business offices in Massachusetts. Further, Royal has offered no evidence to show that Intradin designed the chair frames especially for this forum, that it specifically marketed the component in this market, that it advertised in this market, or that it regularly sent its agents to Massachusetts. Lastly, the record indicates that Royal’s offices and factory are in Illinois and that Intradin retained no control over the product after it passed to Royal.
Royal’s assertion that Intradin’s web-site, which can be viewed in Massachusetts, alone suffices for sufficient contacts upon which to base personal jurisdiction is unavailing. See Venture Tape Corp. v. McGills Glass Warehouse, 292 F.Sup.2d. 230, 232-33 (D.Mass. 2003), citing Toys “R“ Us, Inc. v. Step Two, S.A., 318 F.3d 446, 452-54 (3d Cir. 2003) (mere operation of a commercially active web site does not subject the operator to world-wide jurisdiction). Royal has not shown that Intradin directly targeted its web-site to the forum, knowingly interacted with forum residents, or had sufficient other contacts in the forum. Id. at 233, citing Toys “R" Us, Inc., 318 F.3d at 454. The fact that Intradin’s web-site states that the company is an expert in international commerce does not mean it intended to purposefully avail itself of the protections of or constitute direct marketing in the forum.
In addition, this court must also consider whether the assertion of personal jurisdiction offends the notions of “fair play and substantial justice.” Heins, 26 Mass.App.Ct. at 25, citing International Shoe Co. v. Washington, 326 U.S. 310, 320 (1945). In doing so, this court must balance the burden on the third-party defendant of litigating in the forum, with the third-party plaintiffs interest in obtaining relief, and the forum’s interest in furthering fundamental social policies. Id., citing World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 292 (1980). Although the injury occurred in this forum and it is convenient for the witnesses, Royal has failed to articulate any sufficient reason for this court to assert personal jurisdiction over a third-pariy defendant lacking minimum contacts with this forum. The third-party plaintiff, which is based in Illinois, and third-party defendant, a Chinese corporation, should look to their contract for the appropriate forum.

ORDER

For the reasons stated herein, the third-party defendant’s Motion for to Dismiss for Lack of Personal Jurisdiction is ALLOWED.

 Royal alleges that with the exception of the seat, all of the chair’s construction was performed by Intradin.

 As there is a question as to whether Intradin knew or should have known that Royal “routinely shiplped] products all over the United States,” this court assumes, for the purposes of this motion only, that Intradin was aware that its components, in the form of a final product could potentially reach this forum.

 The court notes that while Intradin’s component (the chair frame) represented almost the entire product (the chair), Royal still performed the final work (the seat installation) on the chair. Further, the evidence presently before the court supports an inference that Royal, not Intradin, made arrangements with Western, which then distributed the chair in this forum.