NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-856

KRISTIAN P. TALVITIE

vs.

BARBARA CLARK.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

At issue is whether the former husband's (husband) complaint for modification was properly dismissed for failure to state a claim. See Mass. R. Dom. Rel. P. 12 (b) (6). Reviewing the complaint de novo, see Curtis v. Herb Chambers I-95, Inc., 458 Mass. 674, 676 (2011), we conclude that it states a claim for modification such that the complaint should not have been dismissed.

Where, as here, a defendant has moved to dismiss a complaint for failure to state a claim, we review the adequacy of the claims by taking the well-pleaded allegations of the complaint as true, drawing all reasonable inferences in favor of the nonmovant. See Bassichis v. Flores, 490 Mass. 143, 148

---

[1] Formerly Barbara Talvitie. We take the parties names as they appear in the modification complaint.

(2022). Here, the complaint for modification alleged the following. On January 22, 2019, a judgment entered ordering the husband to pay alimony to the former wife (wife) according to a formula that had been agreed-upon by the parties in a separation agreement. The formula calculated alimony on a graduated scale, based on the differential between the parties' earned income (a term defined in the separation agreement); in broad strokes, the percentage decreased as the income differential increased. Thus, for example, if the income differential was between one dollar and $330,000, the wife would receive 32.5% of the differential as alimony. If the income differential exceeded $1,000,000, however, the wife would receive 10% of the portion of the differential exceeding $1,000.00, in addition to the amounts owed on the lower tiers of income differential. The alimony and child support provisions of the separation agreement merged into the divorce judgment.

The complaint alleged that several significant changes in circumstances had occurred warranting modification of the amount of alimony owed.[2] First, the husband's income had increased

---

[2] The complaint also sought modification of the child support amount. However, at oral argument, counsel for the husband appropriately acknowledged that any issue concerning child support is premature because the husband's obligation to pay child support has not yet come into play and, indeed, may never come into play given how the parties structured their separation agreement.

significantly such that it was now greater than at any time during the parties' marriage, and, inferentially, beyond what was anticipated when they entered into the separation agreement. Second, given the significant increase in the husband's income, the resulting alimony calculation resulted in an amount far exceeding the wife's needs, and in a lifestyle exceeding what the parties had enjoyed during the marriage.[3]  It was also alleged, upon information and belief, that the wife had recently received a significant financial inheritance, lessening her need for alimony.  Based on these changed circumstances, the husband sought modification of the "alimony obligation so that the amount of support does not exceed the [wife's] needs or the lifestyle that the parties[] led during their marriage."  After a non-evidentiary hearing,[4] the judge allowed the motion to dismiss on the ground that the husband had agreed to pay alimony "on his earned income on a sliding percentage arrangement with no cap.  The parties waived rights to inheritance."

_____

[3] The complaint also alleges that the judgment would unjustly enrich the wife.  The concept of unjust enrichment is not ordinarily a basis for modification.  However, in the context of a motion to dismiss, we construe the phrase favorably to the husband in a colloquial sense to mean that the alimony formula, given the husband's unanticipated increase in income, results in alimony exceeding the wife's needs.
[4] At the hearing, the parties placed information outside the complaint before the judge.  But, on a rule 12 (b) (6) motion, the judge is only to consider the allegations of the complaint, and is not to take evidence or to engage in fact-finding.  Nor do we consider that information here.

At the stage of initial pleading, a party need not prove that he or she is entitled to relief, but rather must merely allege facts "'plausibly suggesting (not merely consistent with)' an entitlement to relief." Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008), quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007). Where, as in this case, a party seeks modification of an alimony obligation that has merged into a divorce judgment, the party must allege facts plausibly showing a material change in the parties' circumstances. See Hassey v. Hassey, 85 Mass. App. Ct. 518, 527-528 (2014); G. L. c. 208, § 49 (e) ("Unless the payor and recipient agree otherwise, general term alimony may be modified in duration or amount upon a material change of circumstances warranting modification"). The question at the pleading stage is not whether the husband will ultimately prevail on his complaint for modification, but only whether he has sufficiently alleged facts plausibly suggesting a material change in circumstances.

The wife suggests, and the judge apparently ruled, that an increase in income is not a material change in circumstances in the context of a "self-modifying" alimony formula. This ruling is not invariably correct, and cannot be determined on the complaint before us. A significant upward change in income can serve as the basis for modifying alimony even where -- as

4

here -- the underlying alimony order is "self-modifying."  See Hassey, 85 Mass. App. Ct. at 527-528.  Thus, the fact that the alimony formula here was "self-modifying" in the sense that it used different percentages to calculate alimony at different income levels does not, standing alone, insulate the alimony award from modification.  In fact, the parties have not cited -- nor have we found -- any case dismissing a complaint for modification based on a significant increase in income simply because the underlying alimony calculation derives from a "self-modifying" formula.  And, indeed, all of the cases relied upon by the wife involve appeals after a modification trial; they do not arise from motions to dismiss.  See Bercume v. Bercume, 428 Mass. 635 (1999); Schuler v. Schuler, 382 Mass. 366 (1981); Downey v. Downey, 55 Mass. App. Ct. 812 (2002); Huddleston v. Huddleston, 51 Mass. App. Ct. 563 (2001); Fugere v. Fugere, 24 Mass. App. Ct. 758 (1987).

Here, the complaint alleges not only a significant increase in income but also that the resulting alimony payment exceeds the wife's needs and marital lifestyle.  "An alimony award that exceeds current need, so as to permit accumulation of assets or savings for the future, may be appropriate only when that award is made pursuant to G. L. c. 208, § 34" (which is not here the case).  Cooper v. Cooper, 62 Mass. App. Ct. 130, 140 (2004).  "A dependent spouse's support needs, whether at the point of

5

initial determination or later, when a modification is sought, are to be 'measured by the station of the parties -- by what is required to maintain a standard of living comparable to the one enjoyed during the marriage.'" Greenberg v. Greenberg, 68 Mass. App. Ct. 344, 347 (2007), quoting Grubert v. Grubert, 20 Mass. App. Ct. 811, 819 (1985). For this reason, the allegation of a significant increase in the husband's income resulting in alimony exceeding the wife's needs was sufficient to state a material change in circumstances at the pleading stage.

Moreover, the allegation concerning the wife's recent inheritance bears on the allegation that the wife's needs had changed since the divorce judgment. Although the wife points to the fact that, as part of the division of assets, the husband waived any entitlement to any future inheritance she might receive, the concepts of alimony and property division are "separate and distinct." Heins v. Ledis, 422 Mass. 477, 482 (1996). The wife's receipt of a post-divorce inheritance is one factor the judge may consider in assessing whether her needs have changed such that a modification of alimony is warranted. See Winternitz v. Winternitz, 19 Mass. App. Ct. 228, 232-233 (1985). See also Frederick v. Frederick, 29 Mass. App. Ct. 329, 334 (1990); Davidson v. Davidson, 19 Mass. App. Ct. 364, 374-375 (1985).

For these reasons, the modification complaint should not have been dismissed. Our decision should not be read to suggest that we have a view on the merits of the husband's claim for modification. We simply rule that he has sufficiently stated a material change in circumstances such that his claim for modification should be considered on its merits.

The order dismissing the complaint for modification is vacated, the judgment on the complaint for modification is reversed, and the case is remanded for further proceedings consistent with the memorandum and order of the Appeals Court.

So ordered.

By the Court (Wolohojian, Neyman & Smyth, JJ.[5]),

*Joseph F. Stanton*

Clerk

Entered:  February 28, 2023.

---

[5] The panelists are listed in order of seniority.